Citation Nr: 1542443 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 11-25 309 ) DATE
 )
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Entitlement to service connection for a thyroid disorder.

2. Entitlement to service connection for vertigo, to include as secondary to service-connected sinusitis.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

T. Adams, Counsel



INTRODUCTION

The Veteran served on active duty from January 1968 to August 1991.

This case comes before the Board of Veterans' Appeals (Board) on appeal from an August 2010 rating decision by the Columbia, South Carolina Regional Office (RO) of the Department of Veterans Affairs (VA).

The Board notes that the Veteran testified before a Veterans Law Judge in January 2013. A transcript of this hearing is of record. However, during the pendency of the appeal, the Veterans Law Judge retired. As such, the Veteran was notified in a July 2015 letter that he was entitled to another hearing before the Board. See 38 C.F.R. § 20.707 (2015). In an August 2015 letter, the Veteran has indicated that he does not wish to have an additional hearing and waived Agency of Original Jurisdiction (AOJ) consideration of any additional new evidence.

In an October 2014 decision (not before the undersigned), the Board denied the Veteran's claim of entitlement to service connection for a thyroid disorder, dismissed a claim of entitlement to service connection for high cholesterol, and remanded a claim of entitlement to service connection for vertigo. The Veteran appealed only that portion of the decision that denied entitlement to service connection for a thyroid disorder, to the U.S. Court of Appeals for Veterans Claims (Court).

In June 2015, the Court granted a Joint Motion for Partial Remand (JMR) of the Veteran and the Secretary of Veterans' Affairs (the Parties). 

In so doing, the Court vacated the October 2014 decision denying entitlement to service connection for a thyroid disorder and remanded the case to the Board for action consistent with the JMR.

The claims for service connection for a thyroid disorder and vertigo are ready for disposition.
This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of these electronic records.


FINDINGS OF FACT

1. Giving him the benefit of the doubt, the Veteran has a thyroid disorder that is related to service.

2. The preponderance of the evidence weighs against a finding that the Veteran has vertigo at this time.


CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran's favor, the criteria for service connection for a thyroid disorder, are met. 38 U.S.C.A. §§ 1110, 1131, 1507 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2015).

2. The basic criteria for service connection for vertigo are not met. 38 U.S.C.A. §§ 1110, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2002). Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995).

In addition to the regulations cited above, service connection is warranted for a disability which is aggravated by, proximately due to, or the result of a service-connected disease or injury. 38 C.F.R. § 3.310 (2015). Any additional impairment of earning capacity resulting from an already service-connected condition, regardless of whether or not the additional impairment is itself a separate disease or injury caused by the service-connected condition, should also be compensated. Allen v. Brown, 7 Vet. App. 439 (1995). When service connection is thus established for a secondary condition, the secondary condition shall be considered a part of the original condition. Id.

Finally, 38 U.S.C.A. § 1154(a) requires that VA give 'due consideration' to 'all pertinent medical and lay evidence' in evaluating a claim for disability or death benefits. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). Specifically, '[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional.' Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006).

Thyroid disorder

The Veteran contends that he has a thyroid disorder related to his service.

In the JMR, the Parties found that the Veteran displayed possible symptoms of a thyroid disorder during service and that the Board provided an inadequate statement of reasons or bases for failing to address potentially evidence in its' determination that a VA examination or opinion was not required. While the Board found that the service treatment records (STRs) did not reveal any thyroid problems or complaints relating to hypothyroidism, the parties cited to several notations in the Veteran's STRs which describe symptoms "possibly" related to a thyroid disorder, including gastrointestinal symptoms, sinus bradycardia, and issues with weight gain; symptoms which could be related to a thyroid disorder. See, 38 C.F.R. § 4.119, Diagnostic Code (DC) 7900 (hyperthyroidism) and DC 7903 (hypothyroidism).

The evaluation by a medical examiner of "possibly related" symptoms based on events years ago is always convoluted. In light of the Veteran's in-service and post-service treatment and complaints related to a thyroid disorder, his January 2013 testimony, and points raised by the parties to the JMR, the Board gives the Veteran the benefit of the doubt and finds that service connection for a thyroid disorder is warranted. See 38 U.S.C.A. § 1507; 38 C.F.R. 3.102.

The nature and extent of this disability caused by service is not currently before the Board.

Vertigo

The Veteran contends that he has vertigo related to his service. Alternatively, he claims that he has vertigo that is related to his service-connected sinusitis. The Board has also considered the thyroid issue as well. 

The STRs are void of findings or diagnoses of any vertigo or disability manifested by lightheadedness and dizziness. A June 1991 retirement report of examination indicates normal neurologic evaluation. In the associated report of medical history, he denied dizziness or fainting spells, providing factual evidence against his own claim that the Board must find to be entitled to great probative weight. 

Post-service treatment records are void of any findings or diagnoses of vertigo or disability manifested by lightheadedness and dizziness.

In January 2013, the Veteran testified that there was never any discussion with a medical provider regarding feelings of lightheadedness or dizziness with respect to his sinus symptoms. He also testified that there was never an opinion provided by any medical provider regarding any possible relationship between his claimed vertigo and lightheadedness and his service-connected sinusitis. 

Pursuant to the Board's October 2014 remand, in November 2014 the Veteran underwent a VA sinusitis, rhinitis and other conditions of the nose, throat, larynx and pharynx Disability Benefits Questionnaire (DBQ) examination to address the nature and etiology of any vertigo or disability manifested by lightheadedness. 

According to the examiner, the Veteran presented with no true history of vertigo. He described a feeling of imbalance about 2 to 3 times a year which lasted less than one minute.

With regard to whether the Veteran suffered from vertigo or any disability manifested by lightheadedness, the examiner opined that he did not have vertigo, explaining that transient lightheadedness occurring 2 to 3 times a year is within normal limits and did not cause any disability. The service-connected sinusitis was resolved in service. The examiner further opined that vertigo or a disability manifested by lightheadedness was not caused or aggravated by the service-connected sinusitis.

The Board finds that the claim must be denied. 

There is no medical evidence of vertigo or any disability manifested by lightheadedness and dizziness either during or since the Veteran's service. As previously noted, on November 2014 VA examination the examiner opined that the Veteran did not have vertigo.

The existence of a current disability is the cornerstone of a claim for VA disability compensation. See Degmetich v. Brown, 104 F. 3d 1328 (1997) (holding that section 1110 of the statute requires the existence of a present disability for VA compensation purposes); see also Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Rabideau v. Derwinski, 2 Vet. App. 141, 144 (1992); Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). 

To the extent that the Veteran complains of dizziness and lightheadedness, VA does not generally grant service connection for symptoms alone, without an identified basis for those symptoms. VA needs to identify a 'disability,' not symptoms of a disability, or treatment. Accordingly, service connection cannot be granted for symptoms of a disability, standing alone. The treatment records, overall, provide highly probative evidence against this claim. 

While the Board understands the Veteran's concerns, he is not medically qualified to diagnose himself with vertigo.

However, in any event, even if the Board assumes (arguendo) that the Veteran does have vertigo, there is no evidence of an in-service vertigo or symptoms of a disability manifested by lightheadedness or dizziness or an opinion relating any current right shoulder symptoms to the Veteran's service or to service-connected sinusitis. As the Veteran may note, the medical opinion evidence provides significant evidence against this claim. More importantly, the Veteran's own prior statement provides evidence against this claim that there is a direct connection between service and this problem, assuming it exists. 

The Board has taken the contention that Veteran has a current diagnosis of vertigo or a disability manifested by lightheadedness that is related to his service or to his service-connected sinusitis very seriously (this was the basis of the Board's remand in order to address this medical question). In this regard, the Board finds that the VA medical examination and opinion provides highly probative evidence against this claim. After reviewing the claims file, considering the Veteran's documented and reported history, and performing a physical examination, the examiner opined that it is less likely than not that the Veteran had vertigo or a disability manifested by lightheadedness based on the rationale that transient lightheadedness occurring 2 to 3 times a year is within normal limits and did not cause any disability. The examiner provided a conclusion with a sufficient rationale. Therefore, the VA medical examination and opinion provide probative evidence against the Veteran's claim of high probative weight. See Nieves -Rodriguez v. Peake, 22 Vet. App. 295 (2008). 

The Board has also closely reviewed the medical and lay evidence in the Veteran's claims file and finds no evidence that may serve as a medical nexus between the Veteran's service or service-connected sinusitis disability and his claimed disability. Although lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), the specific issue in this case, the existence of a current diagnosis of vertigo or a disability manifested by lightheadedness, falls outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007) (lay persons not competent to diagnose cancer).

In light of the above discussion, the Board concludes that the preponderance of the evidence is against the claim for service connection and there is no doubt to be otherwise resolved. As such, the claim is denied.

Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015).

In this case, the Board grants the claim for service connection for a thyroid disorder which constitutes a complete grant of the benefits sought on appeal. Any error that was committed with respect to either the duty to notify or the duty to assist was harmless and need not be further considered with regard to this specific issue.

With regard to the claim for service connection for vertigo, the Veteran has received all essential notice, has had a meaningful opportunity to participate in the development of his claims, and is not prejudiced by any technical notice deficiency along the way. See Conway v. Principi, 353 F.3d 1369 (Fed. Cir., 2004). The RO sent the Veteran letters in October 2009 and May 2010 which informed him of all three elements required by 38 C.F.R. § 3.159(b). As such, the VCAA duty to notify was satisfied.

Additionally, as noted in the Introduction, the Veteran testified at a hearing before a Veterans Law Judge (VLJ) in January 2013. A hearing officer who conducts a hearing must fully explain the issues and suggest the submission of evidence that may have been overlooked. Bryant v. Shinseki, 23 Vet. App. 488 (2010). Here, during the hearing, the Veteran was assisted by a representative, and both the representative and the VLJ asked relevant questions concerning the etiology of his claimed vertigo or disability manifested by lightheadedness. Neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2).

The Board is also satisfied VA has made reasonable efforts to obtain relevant records and evidence. Specifically, the information and evidence that has been associated with the claims file includes the Veteran's service treatment records, post-service treatment records, and the Veteran's written assertions. No outstanding evidence has been identified that has not otherwise been obtained.

Next, a relevant VA examination was obtained in November 2014 pursuant to the Board's October 2014 remand to fully address the Veteran's concerns. The Board finds that the examination report and opinion shows that the examiner considered the evidence of record and the reported history of the Veteran, conducted a thorough examination, noting all findings necessary for proper adjudication of the matter, and explained a rationale for the opinion offered. Hence, the Board finds that the VA examinations and medical opinions obtained in this case inadequate. See Barr v. Nicholson, 21 Vet. App. 303 (2007) (VA must provide an examination that is adequate for rating purposes); See Barr v. Nicholson, 21 Vet. App. 303 (2007) (VA must provide an examination that is adequate for rating purposes); see also Dyment v. West, 13 Vet. App. 141 (1999) (a remand is not required under Stegall v. West, 11 Vet. App. 268 (1998) where there is substantial compliance with the Board's remand instructions); see also Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

Under these circumstances, the Board finds that VA has complied with all duties to notify and assist required under 38 U.S.C.A. § 5103A and 38 C.F.R. § 3.159.

ORDER

Service connection for a thyroid disorder is granted.

Service connection for vertigo is denied.


____________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs